UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARDEEP SINGH,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, ET AL.,<br>Respondents. | No. 1:26-cv-06565-DAD-CKD<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On August 18, 2026, petitioner proceeding with counsel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for a temporary restraining order ("TRO"). (Doc. No. 2). Also on August 18, 2026, this court ordered respondents to file a response to petitioner's TRO motion and directed respondents to indicate whether they opposed this court from also ruling on the underlying habeas petition based upon the briefing presently before the court. (Doc. No. 4.) Respondents filed a response on August 19, 2026, explaining that this case was not different from other cases in which this court had ordered an immigration detainee's immediate release and that 8 U.S.C. § 1226(a) governed petitioner's current detention in light of the recent decision from the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, – F.4th –, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). (Doc. No. 6 at 1.) Respondents did not state they oppose this court ruling on petitioner's underlying habeas petition

at this time and the court will do so. (*Id.* at 1-2.) On August 19, 2026, petitioner filed a reply in support of his habeas petition and motion for a TRO. (Doc. No. 7.)

The facts of this case are these. Petitioner is a citizen of India. (Doc. No. 1 at ¶ 3.) Petitioner states that he arrived in the United States on or about May 18, 2023, and was shortly thereafter detained by immigration officials, but then released on his own recognizance. (*Id.*) He currently has an asylum petition pending. (Doc. No. 2 at 5.) On or about July 30, 2026, petitioner was re-detained by immigration authorities and he remains in immigration custody to this day. (Doc. No. 1 at ¶ ¶ 27–29.) As noted above, respondents recognize that petitioner's current immigration detention is governed by § 1226(a) pursuant to the binding authority on this court as stated by the Ninth Circuit in *Rodriguez Vazquez*. (Doc. No. 6 at 1.)

In light of the finding that petitioner was previously encountered and released by immigration authorities, the court incorporates its reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), in which the court concluded that the petitioner's detention without a pre-deprivation hearing following a prior release violated petitioner's due process rights. Accordingly, the court concludes that petitioner's detention under these same circumstances similarly violated his due process rights. Respondents claim that the court should order only a custody re-determination hearing as a remedy. (Doc. No. 1 at 1.) Nonetheless, respondents fail to distinguish this court's reasoning set forth in *Cajina*, where the court explained that the petitioner's immediate release was the appropriate relief under these circumstances. Accordingly, the court will grant the pending *habeas* petition and order petitioner's immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Pardeep Singh, A-File No. 240-430-078, from respondents' custody;

/////

b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his habeas petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Immigration Processing Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE